**UNITED STATES of America,**
**Plaintiff,**

v.

**Ralph GEISE, Defendant.**
**Cr. 2329.**

District Court, Alaska,
Third Division, Nome.

April 9, 1958.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for plaintiff.

Arthur D. Talbot, Anchorage, Alaska, for defendant.

HODGE, District Judge.

Counsel for the defendant has submitted a letter addressed to the undersigned judge of the above entitled court in the nature of a petition requesting reconsideration of the decision of the Court entered herein February 27, 1958, denying the defendant's motion to set aside judgment and sentence in this case under the provisions of 28 U.S.C. § 2255.

■ I do find that an error was made in a statement of fact on page 3 of the opinion, 158 F.Supp. 821, in which it was stated that following the denial of defendant's petition for leave to appeal in forma pauperis on August 11, 1950, "the defendant took no further action until the filing of the present motion over seven years later." There does appear a copy of an order of the United States Circuit Court of Appeals for the Ninth Circuit entered May 24, 1951, but filed herein on Feb. 10, 1958, in a proceeding by the defendant against the Attorney General of the United States, wherein the Court stated that upon consideration of the application of the petitioner for leave to appeal in such court in forma pauperis, "it appearing that the trial court has certified in writing that said appeal is not taken in good faith, the said application and motion are denied." Under this state of facts, that is, where the trial court apparently later certified that the appeal was not taken in good faith, the defendant was not entitled to appeal his conviction in forma pauperis. Sec. 1915(a) Title 28, U.S.C.A.; In re Boyden, 9 Cir., 230 F.2d 787; McGrew v. Johnston, 9 Cir., 124 F.2d 432.

■ At any rate this Court has considered the application of the defendant on its merits regardless of the stated rule that Sec. 2255 is no substitute for an appeal; hence this question is moot.

Defendant also urges that the decision denying the motion be reconsidered upon the strength of United States v. Kobli, 3 Cir., 172 F.2d 919, which was considered by the Court in the opinion rendered. The decisions of the Circuit Court of Appeals for the Ninth Circuit in the cases of Reagan v. United States, 202 F. 488, 44 L.R.A.,N.S., 583; Callahan v. United States, 9 Cir., 240 F. 683 and Tanksley v. United States, 9 Cir., 145 F.2d 58, 156 A.L.R. 257, although differing from the Kobli case as to the extent of excluding members of the public in a statutory rape case, are controlling upon this court. It is true that Judge Wilbur in a dissenting opinion in the Tanksley case indicated that the majority opinion had the effect of reversing the former decisions; but the majority of the court did not so hold.

Defendant also has submitted proposed findings of fact and conclusions of law, upon the theory that a hearing was held under the provisions of Sec. 2255. This Section provides:

"Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

■ This Court determined that as there is no issue of fact for determination requiring notice to the defendant and an opportunity to be heard, and as the files and records of the case conclusively show that the prisoner is entitled to no relief, no notice or hearing is required. In such case findings of fact and conclusions of law are unnecessary and in fact would not be proper where no issue of fact is determined. Rules 52(a) and 41(b) F.R.Civ.P., 28 U.S.C.A. The case of Michener v. United States, 8 Cir., 177 F.2d 422, where proof was submitted, on hearing of the motion, does not apply.

The petition for reconsideration must be denied. Order denying the defendant's motion has been signed this date and may be entered.